IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| THE TRAVELERS HOME AND MARINE ) <br> INSURANCE COMPANY, ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> RICHARD THIGPEN, DALTON DAY, ) <br> RAYMOND R. MURPHY, JR., ) <br> FRANK R. MURPHY, ) <br> and WILLIAM E. MURPHY, individually ) <br> and as Personal Representative of the ) <br> ESTATE OF AGATHA LOUISE ) <br> MURPHY, ) | CIVIL ACTION <br><br> FILE NO. _____ |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW plaintiff The Travelers Home and Marine Insurance Company ("Travelers") and, pursuant to Fed. R. Civ. P. 57 and 28 U.S.C. § 2201, hereby files its complaint for declaratory judgment, respectfully showing to the Court as follows:

### Parties, Jurisdiction and Venue

1.

Plaintiff Travelers is a corporation organized and existing under the laws of the State of Connecticut, maintaining its principal office and principal place of business in Hartford, Connecticut.

2.

Defendant Richard Thigpen ("Thigpen") is a resident and citizen of Columbia County, Georgia, who may be served at 154 Moorehead Drive, Martinez, Georgia, 30907. Thigpen is subject to the jurisdiction and venue of this Court.

3.

Defendant Dalton Day ("Day") is a resident and citizen of Columbia County, Georgia, who may be served at 4493 Pineland Drive, Evans, Georgia, 30809. Day is subject to the jurisdiction and venue of this Court.

4.

Defendant Raymond R. Murphy, Jr., is a resident and citizen of Columbia County, Georgia, who may be served through his attorney, John C. Bell, Jr., Bell & Brigham, 457 Greene Street, Augusta, Georgia, 30901. Raymond Murphy is subject to the jurisdiction and venue of this Court.

5.

Defendant Frank R. Murphy is a resident and citizen of Columbia County, Georgia, who may be served through his attorney, John C. Bell, Jr., Bell & Brigham, 457 Greene Street, Augusta, Georgia, 30901. Frank Murphy is subject to the jurisdiction and venue of this Court.

6.

Defendant William E. Murphy, individually and as personal representative of the Estate of Agatha Louise Murphy, is a resident and citizen of Columbia County, Georgia, who may be served through his attorney, John C. Bell, Jr., Bell & Brigham, 457 Greene Street, Augusta, Georgia, 30901. William Murphy, individually and as personal representative of the Estate of Agatha Louise Murphy, is subject to the jurisdiction and venue of this Court.

7.

This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (a) Travelers and defendants are citizens of different states, and (b) the value of the matter in controversy, exclusive of interest, exceeds the requisite jurisdictional amount.

8.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(1) and (2), in that this action is brought in the district in which defendants reside and in which a substantial part of the events giving rise to this litigation occurred.

## Cause of Action

9.

On April 3, 2014, Raymond R. Murphy, Jr., Frank R. Murphy, and William E. Murphy, individually and as the personal representative of the Estate of Agatha Louise Murphy, filed suit against Thigpen, Day, and Blake Redd in the Superior Court of Columbia County, Georgia, asserting claims for the wrongful death of Agatha Louise Murphy, styled <u>Raymond R. Murphy, Jr., Frank R. Murphy,, and William E. Murphy, individually and as personal representative of the Estate of Agatha Louise Murphy v. Richard Thigpen, Blake Redd, and Dalton Day</u>, Civil Action File No. 2014CV0225. A true and correct copy of the complaint filed in the underlying action is attached hereto as Exhibit A.

10.

In their complaint, the underlying plaintiffs assert claims arising out of the death of Agatha Louise Murphy, who died on November 2, 2012, allegedly as a result of a fire which occurred on November 1, 2012. The fire occurred at a house owned by Thigpen located at 8113 Sir Galahad Drive, Evans, Georgia.

11.

The underlying plaintiffs allege that they are the sons of their late mother, Agatha Louise Murphy, and are therefore the proper parties to file suit to recover for the full value of her life.

They allege that Ms. Murphy's death was caused by the negligence of the defendants and seek to recover the full value of her life. The Estate of Ms. Murphy seeks to recover full compensation for the decedent's conscious pain suffering, as well as medical expenses and expenses for her funeral and burial.

12.

The underlying plaintiffs seek to recover damages in excess of $75,000.

13.

Thigpen is the named insured under a policy of homeowners insurance issued by Travelers, Policy No. 990784128 633 1, with a policy period from September 25, 2012, to September 25, 2013. A true and correct copy of the Travelers policy is attached hereto as Exhibit B.

14.

At the time of the house fire on November 1, 2012, Day was a resident in Thigpen's house located at 8113 Sir Galahad Drive, Evans, Georgia. Day is Thigpen's nephew and, as a member of Thigpen's household, would therefore qualify as an "insured" under the Travelers' policy.

15.

Thigpen and Day have requested coverage under the Travelers policy for the claims asserted against them in the underlying action. Travelers has agreed to provide a defense to Thigpen and Day, subject to a full reservation of rights under the policy, and is presently defending them in the underlying action.

16.

Section 2 of the Travelers policy sets forth the applicable liability coverages.  Coverage E applies to personal liability and is therefore the applicable coverage section.

17.

The policy sets forth certain exclusions applicable to Coverage E, including the following:

**C.    Coverage E – Personal Liability**

Coverage E does not apply to:

\* \* \*

6.   "Bodily injury" to you or an "insured" as defined in Definitions 7.a or b.

   This exclusion also applies to any claim made or suit brought against you or an "insured":

   a.  To repay; or

   b.  Share damages with;

   another person who may be obligated to pay damages because of "bodily injury" to an "insured", . . .

\* \* \*

18.

The policy defines "insured," in pertinent part, as follows:

7.   "Insured" means:

   a.  You and residents of your household who are:

      (1) Your relatives; or

      (2) Other persons under the age of 21 and in the care of any person named above.

19.

The decedent, Agatha Louise Murphy, was Thigpen's mother-in-law at the time of her death. Because the decedent was a resident of Thigpen's household, she qualifies as a "insured" as defined by the policy.

20.

Because the decedent was an "insured," Exclusion C.6 applies and the personal liability coverage in the policy does not apply to any bodily injury (including death) to her. Thus, the policy does not provide coverage to Thigpen or Day for the claims asserted against them in the underlying action.

21.

Travelers is of the opinion that it does not have a duty to defend Thigpen and Day in the underlying action, or provide indemnity for any judgment that may be entered against them. Because Thigpen and Day have requested coverage under the Travelers policy, however, Travelers is uncertain with respect to its duties and obligations under the policy in connection with the underlying action.

22.

Travelers seeks a declaration from this Court that it has no obligation to defend Thigpen and Day in the underlying action, or pay any judgment that may be rendered against them.

23.

An actual controversy has arisen and now exists between Travelers and defendants concerning whether and/or the extent to which the claims asserted against Thigpen and Day in the underlying action are covered by the contract of insurance between Thigpen and Travelers.

24.

By reason for the foregoing, it is necessary and appropriate at this time for the Court to determine and declare the respective rights, obligations and liabilities, if any, which exist among the parties to this action under the Travelers policy.

WHEREFORE, plaintiff The Travelers Home and Marine Insurance Company prays as follows:

a. That process and summons issue against each defendant and that each defendant be served as required by law;

b. That the Court declare that plaintiff The Travelers Home and Marine Insurance Company has no obligation to defend Richard Thigpen and Dalton Day, or pay any judgment that may be rendered against them, in the civil action brought by defendants Raymond R. Murphy, Jr., Frank R. Murphy, and William B. Murphy, individually and as personal representative of the Estate of Agatha Louise Murphy, in the Superior Court of Columbia County, Georgia, styled <u>Raymond R. Murphy, Jr., Frank R. Murphy,, and William E. Murphy, individually and as personal representative of the Estate of Agatha Louise Murphy v. Richard Thigpen, Blake Redd, and Dalton Day</u>, Civil Action File No. 2014CV0225;

c. That plaintiff recover its costs in filing this action; and

d. That plaintiff be awarded all other relief to which it is entitled.

This 22nd day of May, 2014.

          MAGILL ATKINSON DERMER LLP

          /S/ David M. Atkinson
          _____
          David M. Atkinson
          Georgia Bar No.026460
          datkinson@madllp.com
          Attorney for Plaintiff
          The Travelers Home & Marine Insurance Company

Promenade, Suite 1750
1230 Peachtree Street, N.E.
Atlanta, GA  30309-3591
(404) 892-8884